WILHELMINA WORLEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 63503. Promulgated June 20, 1933.

*George E. H. Goodner, Esq.*, for the petitioner.
*Thomas S. Callahan, Esq.*, and *E. G. Sievers, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding involves a deficiency in petitioner's income tax for the calendar year 1929 in the amount of $308.16. The petitioner alleges that:

(a) In computing net income respondent has erroneously overstated the profit which petitioner realized in 1929 from certain impounded oil royalty funds and a certain oil royalty interest which she purchased in 1929, by his failure properly to determine the respective costs of each of said items and by his failure thereby to compute depletion on the correct basis.

On March 14, 1929, the petitioner's husband, H. F. Worley, acting as petitioner's agent, executed an agreement with one Orville Hembree for the purchase of the latter's royalty interest in oil lands in Pottawatomie County, Oklahoma, including certain royalty funds which were then being held by the purchasers pending the outcome of litigation to determine the ownership thereof. The agreement provides in part as follows:

Party of the first part hereby contracts and agrees to sell and convey to the party of the second part all of his royalty interest being approximately an undivided 3% acres interest, more or less, in and to the royalty in and under the West Half (W/2) of the Southeast Quarter (SE/4) of Section 19, Township 7, Range 5 East, I.M. Pottawatomie County, Oklahoma, free and clear of all encumbrances, for a consideration of $20,000.00.

The consideration to be paid as follows, to-wit:

The sum of $500.00, the receipt of which is hereby acknowledged, and the sum of $19,500.00 paid on or before the 22nd day of March, 1929, upon approval of abstract of title.

The party of the first part, Orville Hembree agrees to furnish abstract within four (4) days showing perfect title in and to the royalty interest in and to the above described royalty interest, and to execute a mineral deed conveying said interest, and to execute proper transfer orders and assignments conveying and transferring all monies for oil now held by Sinclair Crude Oil Purchasing Company, together with all oil and funds to be derived from other pipe lines which is now due and payable, except checks which have been issued and are in the mail.

Before entering into the agreement, H. F. Worley made an investigation and ascertained that the pending suit probably would be decided at an early date in Hembree's favor and that the impounded royalty funds referred to in the above agreement amounted to between $20,000 and $21,000.

The terms of the purchase agreement were fully carried out and the mineral deed referred to therein was executed to the petitioner by Hembree on April 19, 1929. This deed provides in part that the grantor—

* * * does hereby grant, bargain, sell, convey, transfer, assign and deliver unto Wilhelmina Worley of Tulsa, Oklahoma, hereinafter called Grantee, an undivided 811/36960 interest in and to all of the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Pottawatomie County, State of Oklahoma, to-wit:

The North Half (N/2) of the West Half (W/2) of the Southeast Quarter (SE/4) of Section 19, Township 7, Range 5 East, containing 40 acres, more or less, and,

an undivided 2603/36960 interest in and to all the oil, gas and other minerals in and under and that may be produced from the following described lands situated in Pottawatomie County, State of Oklahoma, to-wit:

South Half (S/2) of the West Half (W/2) of the Southeast Quarter (SE/4) of Section 19, Township 7, Range 5 East, containing 40 acres more or less:

together with an assignment of all moneys or royalties heretofore accrued or impounded or held in suspense for the sale of oil, gas or other minerals held in

any pipe line or lines, tank or tanks which has been produced or sold from any and all interest that the said Orville Hembree now has or has had that has not heretofore been paid for, together with the right of ingress and egress at all times for the purpose of mining, drilling, exploring, operating and developing said lands for oil, gas, and other minerals, and storing, handling, transporting and marketing the same therefrom with the right to remove from said land all of Grantee's property and improvements.

On April 26, 1929, H. F. Worley executed a formal assignment of his "right, title and interest" in the agreement of March 14, 1929, to his wife, Wilhelmina Worley, petitioner herein.

Early in May 1929, the litigation referred to above having been terminated in Hembree's favor, the impounded royalty funds in the amount of $20,672.49 were paid over to the petitioner. Later in that year the petitioner received additional royalties from current earnings of oil in the amount of $11,196.37.

In his computation of the petitioner's tax liability for 1929, the respondent has made no allocation of the cost as between the impounded royalty funds and the royalty interest in the oil lands, but has treated the total amount received by the petitioner during the year as royalty income and has allowed the petitioner a depletion deduction of $18,721.53, computed as follows:

Cost of interest_____ $20,000
Total oil reserves_____ 36,720 barrels
Production for 1929_____ 34,372 "
Unit cost $.54466
Depletion sustained_____ $18,721.53

The petitioner contends: (1) That all of the $20,000 paid to Hembree under the purchase agreement should be allocated to the cost of the impounded royalties and that the royalty interest in the oil lands was therefore acquired without cost;

(2) That in any event $18,000 of the purchase price should be allocated to the cost of the impounded royalties;

(3) That the additional royalties received in that year amounting to $11,196.37 are subject to depletion at the rate of 27½ percent as provided in section 114 (b) (3) of the Revenue Act of 1928. This section of the act reads as follows:

(b) *Basis for depletion.—*

\*      \*      \*      \*      \*      \*      \*

(3) PERCENTAGE DEPLETION FOR OIL AND GAS WELLS.—In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

The petitioner alleges that the respondent was clearly in error in treating the impounded funds in the same manner for depletion pur-

poses as the royalties thereafter received. It is her contention that in making the purchase she was principally interested in the receipt of the impounded funds and that on her part it was somewhat of a gamble as to whether the value of royalties to be received from oil produced in the future would amount to anything. It is her further contention that immediately after receiving the impounded royalties in May 1929, the petitioner's acquired interest in the lands was first offered for sale for $2,000, and later for $1,500, $1,000, and $500, without finding a purchaser therefor.

It is apparent from an inspection of the agreement of March 14, 1929, and of the mineral deed of April 19, 1929, that the petitioner did not purchase prior owner's right to the impounded royalties separate from his interest in royalties to be obtained from future production. The $20,000 was paid for whatever interest the prior owner had at the time of sale in the impounded royalties and royalties on future production.

Section 113 of the Revenue Act of 1928 prescribes the basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913. There was in 1929 no sale or disposition of the property by the petitioner except such as the statute contemplates to be recovered through depletion. The respondent determined the oil reserves in 1929 to be 36,720 barrels, of which 34,372.88 barrels were produced in 1929, and that the depletion sustained in that year was $18,721.53. We are of the opinion that the allowance determined by the respondent for depletion of property is reasonable and represents a full measure of the loss sustained by the petitioner through depletion. The contention of the petitioner that any specified portion of the cost of the royalty interest is to be applied against the impounded royalties is not sustained.

*Judgment will be entered for the respondent.*